```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
JAMAL SMALLS,

                Petitioner,           MEMORANDUM AND ORDER

        - against -                   20 Civ. 4367 (NRB)
                                       14 Cr. 167 (NRB)
UNITED STATES OF AMERICA,

                Respondent.
-------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Presently before the Court is the pro se motion of Jamal Smalls to vacate, set aside, or correct his sentence pursuant to 2 U.S.C. § 2255. For the following reasons, we deny the motion in its entirety.

## BACKGROUND

In or about 2012, Smalls ran a drug-trafficking organization selling large quantities of crack cocaine, heroin, and cocaine in the Bronx, New York. While running this organization, Smalls had a dispute with Doneil White, who sold drugs in an area that Smalls considered to be his "territory." On July 18, 2012, Smalls encountered White and a second individual, Blake Moore, and fired a gun at each of them, missing White and hitting Moore in the back. About a week after this incident, Smalls offered Corey Harrison – one of Smalls' "enforcers" – $10,000 to kill White. Smalls drove Harrison to White's location where Harrison shot White several times,

killing him.  Smalls then picked Harrison up in a car and paid a portion of what he owed Harrison for the murder.

A superseding indictment was filed on June 25, 2014 (ECF No. 1),[1] and after a twelve-day trial in November of 2015, a jury convicted Smalls of each of the three charges brought against him: (1) one count of conspiracy to distribute and possess with intent to distribute (i) 280 grams and more of crack cocaine, (ii) one kilogram and more of heroin, and (iii) 5 kilograms and more of cocaine in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 ("Count One"); (2) one count of using, carrying, possessing and discharging firearms in connection with a drug trafficking conspiracy in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2 ("Count Two"); and (3) the murder of Doneil White in connection with a drug trafficking conspiracy in violation of 18 U.S.C. §§ 924(j) and 2 ("Count Three").

On August 23, 2016, the Court sentenced Smalls to 55 years' imprisonment:  25 years on Count One, 25 years on Count Two and 5 years on Count Three, all running consecutively.  Smalls' conviction and sentence were upheld on appeal to the Second Circuit by summary order on April 19, 2018.  See United States v. Smalls, 719 F. App'x 83, 86 (2d Cir. 2018), as amended (Apr. 20, 2018).

---

[1]  Unless otherwise noted, all ECF citations in this Memorandum and Order are to Smalls' criminal case, 14 Cr. 167.

Smalls filed the instant pro se motion on June 5, 2020. See ECF No. 131 (the "Motion").

**LEGAL STANDARDS**

A prisoner who has been sentenced by a federal court may move the sentencing court to vacate, set aside, or correct the sentence on certain grounds, including that "the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Relief is available only in the event of "a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Cuoco v. United States, 208 F.3d 27, 30 (2d Cir. 2000) (internal quotation marks omitted). The burden is on the petitioner to demonstrate such an error by a preponderance of the evidence. Triana v. United States, 205 F.3d 36, 40 (2d Cir. 2000); Harned v. Henderson, 588 F.2d 12, 22 (2d Cir. 1978).

"It is well settled that pro se litigants generally are entitled to a liberal construction of their pleadings, which should be read to raise the strongest arguments that they suggest." Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (internal quotation marks omitted). Yet the pro se habeas petitioner faces the same burden to prove his Section 2255 claim

3

by a preponderance of the evidence. Hertular v. United States, No. 04 Cr. 009, 2014 WL 3715218, at *1 (S.D.N.Y. July 28, 2014).

**DISCUSSION**

**1. Smalls' Challenges to His § 924 Convictions Fail as a Matter of Law**

Smalls first challenges his sentence by arguing that the First Step Act of 2018 ("First Step Act") altered the mandatory minimums imposed as a result of his multiple § 924 convictions pursuant to § 924(c)(1)(C). While it is correct that the First Step Act eliminated the so-called "stacking" provision of 18 U.S.C. § 924(c)(1)(C) - under which a defendant convicted of multiple § 924(c) charges at the same time was subject to higher mandatory minimum penalties for each subsequent count, even if he had no prior § 924(c) convictions - this change in the law does not apply retroactively. "For all offenses other than those falling within the ambit of sections 2 and 3 of the Fair Sentencing Act,[2] the sentencing reform provisions of the [First Step Act] benefit only individuals who were convicted following the effective date of the Act, i.e., December 21, 2018." United States v. Marks, 455 F. Supp. 3d 17, 20 (W.D.N.Y. 2020) (citing First Step Act §§ 401(c), 402(b), 403(b)). The changes made regarding the "stacking" of § 924(c) offenses are not retroactive, and Smalls is therefore not entitled to relief.

---

[2] These sections addressed the sentencing disparities which previously applied to possession and distribution of crack cocaine and powder cocaine.

4

Id.; see also United States v. Kissi, 469 F. Supp. 3d 21, 37 (E.D.N.Y. 2020); United States v. Fuller, No. 09 Cr. 274-03, 2020 WL 5849442, at *2 (S.D.N.Y. Oct. 1, 2020).

To conclude this discussion, the Court notes further that Smalls' sentence was correctly calculated under the then-applicable law. When he was convicted, Smalls faced a mandatory minimum sentence of 5 years under Count Three for the murder of Doneil White and a 25-year mandatory minimum under Count Two for possession and discharge of a firearm in connection with the drug trafficking conspiracy. Notably, even under this prior sentencing regime, Smalls was still given the benefit of having Count Three considered his first § 924 offense and Count Two his second, thus reducing the "stacked" mandatory minimum by five years.[3] Only after the enactment of the First Step Act amendments to § 924(c)(1)(C) would Smalls have faced just a 10-year mandatory minimum sentence for Count Two, as the "prior" conviction for Count Three would not yet have "become final." 18 U.S.C. § 924(c)(1)(C).

Smalls next argues that his convictions under 18 U.S.C. § 924 must be dismissed in light of the Supreme Court's decision in United States v. Davis, 139 S. Ct. 2319 (2019). Smalls

---

[3] Because the jury did not make an explicit discharge finding on Count Three, the applicable mandatory minimum was 5 years. See United States v. Young, 561 F. App'x 85, 93 (2d Cir. 2014) (holding that 18 U.S.C. § 924(j) incorporates penalties for § 924(c)(1)(C)(i)). Count Two would have carried a 10-year mandatory minimum if counted first. Regardless of which was counted first, the second count would have carried a 25-year minimum.

5

appears to contend that, after Davis, his conviction cannot be premised on the so-called "residual clause" of the "crime of violence" definition of § 924(c)(3). However, there are two distinct predicates that may sustain a charge under § 924(c): a "crime of violence" or a "drug trafficking crime." Smalls was charged and convicted of using and carrying firearms in connection with the drug trafficking crime charged under Count One. See Superseding Indictment, ECF No. 11. Davis, which held that the residual clause of the definition of "crime of violence" was unconstitutionally vague, says nothing about the "drug trafficking crime" predicate, and therefore has no bearing on Smalls' convictions. See United States v. Rhodes, No. 12 Cr. 31, 2020 WL 1814116, at *1 (S.D.N.Y. Apr. 9, 2020) ("Because Davis concerns crimes of violence rather than drug trafficking crimes, it does not affect the validity of either charge to which Rhodes pleaded guilty.").[4]

Lastly, in his reply brief to the Government's opposition, Smalls raises an entirely new argument that the Government "failed to prove under 18 U.S.C. § 924(c)(1)(A) that [he]

---

[4] In his reply (20 Civ. 4367, ECF No. 9 ("Reply") at 6), Smalls additionally argues that the Government failed to prove that he possessed a firearm in relation to the drug conspiracy because, to paraphrase, the Government did not prove that Smalls had the drugs on his person while in possession of the firearm. This of course is a wholly novel theory of the relationship required between the firearm possession and the drug offense, which finds no support in case law. Indeed, the Supreme Court has held that the use of the phrase "in relation to" in § 924(c) is "expansive" and requires only that "the firearm must have some purpose or effect with respect to the drug trafficking crime." Smith v. United States, 508 U.S. 223, 237-238 (1993).

6

possessed a firearm and that he knew he belonged to the relevant category barred from possessing a firearm." Reply at 3. At the outset, the Court must reject this argument because Smalls failed to raise it on direct appeal, nor within the one-year statute of limitations that applies to § 2255 motions. United States v. Thorn, 659 F.3d 227, 231 (2d Cir. 2011) (stating a defendant is barred from collaterally challenging in a § 2255 petition a conviction on grounds he previously failed to raise); 28 U.S.C. § 2255(f)(1).

Regardless, this contention is meritless as the Government presented evidence of Smalls' shooting of Doneil White and Blake Moore, see Trial Tr. at 444-452, which provide the basis for Count Two and which the jury unanimously credited beyond a reasonable doubt. In any event, to the extent that Smalls is attempting to incorporate the scienter requirement under 18 U.S.C. § 922, which makes it unlawful for certain categories of persons to possess firearms, this argument is likewise meritless. In Rehaif v. United States, 139 S. Ct. 2191 (2019), the Supreme Court held that the Government must prove that the defendant knew he belonged to the relevant category of persons barred from possessing a firearm. Here, Smalls was convicted for what he did – not for who he is. Rehaif's scienter requirement is simply inapplicable to Smalls' crime.

**2. Smalls' Challenges to His § 841 Conviction are Equally Unavailing.**

Smalls challenges his conviction under Count One as a violation of his constitutional rights to due process and equal protection and against cruel and unusual punishment. Smalls contends that his conviction cannot stand because "the Government failed to prove that [Smalls] was even in possession of drugs." Motion at 77. Again, Smalls' argument must be rejected because he failed to raise the sufficiency of the drug evidence against him on direct appeal, nor within a year of his conviction becoming final. Thorn, 659 F.3d at 231; 28 U.S.C. § 2255(f)(1).

In any event, for the charge of narcotics conspiracy, the Government need not prove actual possession of the narcotics – only that defendant entered into an agreement to produce, sell or deliver the drugs. United States v. McCoy, No. 90 Cr. 573, 1997 WL 297043, at *4 (S.D.N.Y. June 3, 1997) (internal quotations omitted) ("[I]n drug conspiracies, the conspirators' agreement to produce narcotics, not the actual possession, sale or delivery of the drugs, is the essence of the crime. Accordingly, it is the negotiated amount that defines the scope of the conspiracy and the Guidelines offense level."). The trial evidence is replete with testimony to substantiate Smalls' agreement to conspire to distribute the amount of drugs for

8

which he was charged.  See, e.g., Trial Tr. at 326-29, 615-616, 623-24.

Smalls' additional argument that his sentence of 55 years' imprisonment is disproportionate to his crime and constitutes cruel and unusual punishment is likewise unavailing.  It is well-established that "[l]engthy prison sentences, even those that exceed any conceivable life expectancy of a convicted defendant, do not violate the Eighth Amendment's prohibition against cruel and unusual punishment when based on a proper application of the Sentencing Guidelines or statutorily mandated consecutive terms."  United States v. Yousef, 327 F.3d 56, 163 (2d Cir. 2003).  "The Eighth Amendment forbids only extreme sentences that are grossly disproportionate to the crime, and, with the exception of capital punishment cases, successful Eighth Amendment challenges to the proportionality of a sentence have been exceedingly rare."  Id. (internal citations omitted). Smalls' sentence was below the applicable Guidelines range of life imprisonment plus 35 years and took into account the seriousness of the crime – which involved the murder of one individual and severe injury to another – as well as Smalls' lengthy criminal history which included a prior conviction and 10-year sentence for manslaughter.  Final Presentence Investigation Report, ECF No. 102 at 10.

Lastly, Smalls again cites to changes made to the law by the First Step Act, under which prior convictions supporting enhanced mandatory minimums pursuant to § 841(b)(1)(A) must meet new definitions of "serious drug felony" or "serious violent felony," and which reduced the resulting mandatory minimums a defendant would face. However, this change in the law is irrelevant to Smalls' case. Here, the Government did not file a prior felony information against Smalls, and he was therefore not subject to – nor sentenced under – enhanced mandatory minimums.[5] The penalties Smalls faced when he was convicted under § 841 are the same he would face if charged today: 10 years' to life imprisonment.[6]

**CONCLUSION**

For the reasons above, Smalls' petition is denied. Furthermore, as Smalls has failed to make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253. Moreover, it is hereby certified that any appeal from this Memorandum and Order would not be taken in "good faith" within

---

[5] Contrary to Smalls' contention, however, his conviction for manslaughter, for which he served a 10-year sentence, would constitute a "serious violent felony" under § 841(b)(1)(A). See 21 U.S.C. § 802(58); 18 U.S.C. § 3559(c)(2)(F)(i).

[6] In any event, even if Smalls had been subject to a higher minimum as a result of a prior "serious drug felony" or "serious violent felony" conviction, he could not benefit from the First Step Act's heightened threshold for the imposition of § 841(b)(1)(A) sentencing enhancements, as this change in the law does not apply retroactively. United States v. Bryant, 991 F.3d 452, 456 (2d Cir. 2021).

the meaning of 28 U.S.C. § 1915(a)(3).  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).  The Clerk of Court is respectfully directed to close the above-captioned cases and terminate all pending motions.

    **SO ORDERED.**

Dated:    New York, New York
            May 25, 2021

                                            NAOMI REICE BUCHWALD
                                      UNITED STATES DISTRICT JUDGE

A copy of the foregoing Order has been mailed on this date to the following:

Jamal Smalls
Reg. No. 44425-054
USP HAZELTON
U.S. PENITENTIARY
P.O. BOX 2000
BRUCETON MILLS, WV  26525